IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT TY POULSON,<br><br>        Plaintiff,<br><br>vs.<br><br>GOVERNOR STEVE BULLOCK, TIM FOX, *et al.*,<br><br>        Defendants. | CV 17-140-M-DLC-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

**I.** **Introduction**

Plaintiff Kermit Poulson, appearing pro se, filed a Motion to Proceed In Forma Pauperis. Poulson submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action IT IS HEREBY ORDERED that Poulson's Motion to Proceed In Forma Pauperis is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Poulson's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable

1

provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Poulson's pleading to consider whether any of Poulson's claims can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## **II.** **Background**

Invoking federal question jurisdiction under 28 U.S.C. § 1331, Poulson commenced this action on September 28, 2017, alleging the numerous Defendants violated various of his federal constitutional rights – he presumably seeks relief under 42 U.S.C. § 1983. Poulson also advances a claim under the Americans with Disabilities Act ("ADA"). Finally, he asserts he was subjected to libel and slander

by some of the Defendants, thus invoking supplemental jurisdiction under 28 U.S.C. § 1367 over these claims which are grounded in Montana law.

Review of the complaint reflects that Poulson's claims have their genesis in two legal proceedings prosecuted against him in the Montana Eleventh Judicial District Court, Flathead County. The first was a civil proceeding, Cause No. DN-09-053, which culminated in the termination of Poulson's parental rights with respect to minor child M.M.F. *See, In re M.M.F.*, 272 P.3d 125 (Table) (Mont. 2011).[1] The second was a criminal proceeding which culminated in Poulson entering a guilty plea on August 9, 2012, to felony criminal possession of dangerous drugs in Cause No. DC 11-014A. *See, State of Montana v. Poulson*, 363 P.3d 1146 (Table) (Mont. 2015).[2] Poulson is not currently in custody on that conviction.

The Court reviews Poulson's claims in the context of the referenced proceedings.

## III. Discussion

Because Poulson is proceeding pro se the Court must construe his pleading

---

[1] The Court takes judicial notice of the existence of the Montana Supreme Court's opinion, that is not subject to reasonable dispute over its authenticity. Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001).

[2] *See* footnote 1.

3

liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Keener*, 404 U.S. 519, 520 (1972). *See also Nusku v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### A. *In re M.M.F.*

Based upon Poulson's allegations, and gleaning facts from the above cited cases, the Court understands Poulson's claims to be as follows:

Defendant Stacy Boman was the deputy county attorney who prosecuted the Youth in Need of Care ("YNC") proceedings on behalf of M.M.F. and the State. Defendant Leonard Smith was Poulson's attorney in the YNC proceedings. Defendant Kaon Mercer was one of Poulson's appellate attorneys in the YNC proceedings. Defendant Ted O. Lympus was the trial judge in the YNC proceedings.[3] Defendant Steve Bullock was the Montana Attorney General at the

---

[3]It appears from the referenced appellate opinions that Judge Lympus actually presided over the criminal proceedings discussed, and that Judge Stewart F. Stadler presided over the YNC proceedings. But for purposes of discussion it will be presumed Judge Lympus was the presiding judge.

time of the YNC proceedings.

Poulson alleges Boman slandered him in open court by stating "you cannot be a good father because you drag your feet" apparently in reference to Poulson's claimed paraplegia. He also contends his attorney Smith, trial Judge Lympus, appellate attorney Mercer and Attorney General Bullock are all liable for Boman's purported slanderous statement for allowing Boman to make the statement and not otherwise seeking to purge the statement from the appellate record in the Montana Supreme Court. For relief on his claim of slander, Poulson asks for affirmative relief in the form of a written apology. (Doc. 2 at 9.)

Accepting Poulson's allegations as true, his claims are nonetheless barred by the two year statute of limitations applicable to the tort of slander in Montana. *See*, Mont. Code Ann. § 27-2-204(3). As noted, Poulson's parental rights were terminated by the trial court in March 2011 – a judgment upheld on appeal by opinion filed September 20, 2011. The alleged slanderous statement by Boman and related conduct of the other Defendants necessarily occurred prior to September 20, 2011, over six years prior to the filing of the complaint at hand.

It is noted that Poulson's complaint as against Boman, Smith, Lympus, Mercer and Bullock is periodically laced with references to the First and Fourteenth Amendments. To the extent these references can be read to state a

plausible claim under 42 U.S.C. § 1983 or the ADA, those claims would likewise be barred by the three year period of limitations applicable to § 1983 claims. *See, Wilson v. Garcia*, 471 U.S. 261, 269 (1985); Mont. Code Ann. § 27-2-401 (three year period of limitations for personal injury actions).

Consequently, Poulson's complaint, as plead, fails to state a claim on which relief may be granted within the meaning of 28 U.S.C. § 1915(e)(2)(B)(ii) as against Defendants Boman, Smith, Lympus, Mercer and Bullock. *See, Von Saber v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations [...] when 'the running of the statute is apparent on the face of the complaint.'"); *see also, Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise statute of limitations defense sua sponte).

Alternatively, Defendants Lympus, Boman and Bullock are entitled to absolute immunity because the conduct of which Poulson complains – by his own allegations – was undertaken in relation to the performance of these individuals' judicial and prosecutorial duties respectively. *See, Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (Judges carrying out their judicial functions enjoy broad absolute immunity); *Gray v. Poole*, 243 F.3d 572, 577 (D.C. Cir. 2001) (Government

attorneys who prosecute child neglect actions perform "functions analogous to those of a prosecutor [and] should be able to claim absolute immunity with respect to such acts.").

Finally, with respect to his parental rights, Poulson complains that the YNC legal proceedings in *In re M.M.F.* resulted in the unlawful termination of his parental rights. (Doc. 2 at 9.) In his prayer for relief, Poulson requests the Court reinstate such rights. (*Id*.) But for the reasons discussed, this Court cannot address that issue.

Poulson's claims challenging the termination of his parental rights are barred by the *Rooker-Feldman* doctrine. This doctrine, which derives its name from two United States Supreme Court Cases – *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) – "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). Restated, "[i]f a federal [litigant] asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). When a case is a

7

forbidden "de facto appeal" the district court also lacks jurisdiction over all issues which are "inextricably intertwined" with an issue resolved by the predicate decision of the state court. *Id*., 341 F.3d at 1158.

Here, Poulson's pleading seeks to, in substance, appeal and overturn a decision of the Montana Supreme Court which upheld the termination of his parental rights. Poulson's allegations suggest the result of the YNC legal proceedings in the state court and the Montana Supreme Court's decision was improper, and he seeks relief from that decision – reinstatement of his parental rights. Therefore, his pleading is precisely the type of direct appeal or "de facto appeal" of a state court decision that is barred by *Rooker-Feldman*. Poulson's claim is barred and subject to dismissal for lack of jurisdiction.

### B. The Criminal Conviction

#### 1. Constitutional Validity of the Conviction

Based upon Poulson's allegations and gleaning facts from *State of Montana v. Poulson*, 363 P.3d 1146 (Table) (Mont. 2015), the Court understands Poulson's claims pertaining to his criminal conviction to be as follows:

Defendant Nick Aemissegger represented Poulson in his criminal proceedings. Defendant Gabe Skibsrud is a private citizen who Poulson claims framed him by planting marijuana in Poulson's "bag" and then telephoned law

enforcement – specifically Defendant Flathead County Sheriff Chuck Curry and other unidentified members of Defendant Kalispell Police Department (also referred to by Poulson as members of the Montana Drug Task Force) – that led to Poulson's arrest. Defendant Bullock was, at the time of Poulson's convictions, and remains, Governor of Montana.

At bottom, Poulson alleges Aemissegger provided him ineffective assistance of counsel during the course of the criminal proceedings and ultimately coerced Poulson to plead guilty, all in violation of his Sixth Amendment right to counsel and Fourteenth Amendment right to due process. (Doc. 2 at 8.) As to Skibsrud, Poulson asserts his conduct in framing Poulson for the drug charge violated his right to due process. Sheriff Curry, in turn, is accused by Poulson of violating his rights to due process and freedom from an illegal arrest by allowing the prosecution of Poulson to proceed when Curry knew Poulson had been framed. (Doc. 2 at 8.) For good measure, Poulson adds Governor Bullock as a defendant asserting he is liable for not commuting Poulson's sentence or granting him clemency based upon the purported misconduct of Ken Parks, the deputy county attorney who prosecuted the case against Poulson. (Doc. 2 at 9.)

Poulson does not seek monetary compensation against the referenced individuals, which would be barred by the *Heck* doctrine because Poulson's

conviction has never been overturned. *See, Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Rather, the relief he requests is in the nature of habeas corpus – he wants his state criminal conviction vacated. (Doc. 2 at 9.) But habeas is the exclusive vehicle for actions in the "core of habeas" and such claims may not be brought in a § 1983 action. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). And while a habeas remedy is not available to Poulson because he is not in custody, *see, Carafas v. LaVallee*, 391 U.S. 234, 238 (1968), his failure to diligently challenge the constitutionality of his conviction under 28 U.S.C. § 2254 while he was in custody does not allow him to now challenge the conviction by seeking declaratory or injunctive relief under § 1983. This is so because the doctrine of res judicata applies to actions brought under § 1983 challenging the validity of a state court criminal judgment. *Allen v. McCurry*, 449 U.S. 90, 103-105 (1980). Consequently, Poulson's complaint fails to state a claim against Defendants Aemissegger, Skibsrud, Curry, unidentified members of the Kalispell Police Department or Bullock in relation to Poulson's criminal conviction.

  **2.**  **The Straggling Claims**

   **a.**  **Rick Hawk**

Poulson states he hired private investigator Defendant Rick Hawk to find out information regarding Defendant Skibsrud's framing of Poulson on the

referenced drug charge. (Doc. 2 at 8-9.) But the complaint fails to state any claim whatsoever against Hawk. To the extent Poulson is suggesting Hawk may have colluded with other Defendants in relation to Poulson's arrest, Poulson would again be improperly attempting to challenge the validity of his drug conviction via § 1983.

  b. <u>**ADA Claim**</u>

Based upon Poulson's allegations and gleaning facts from *State of Montana v. Poulson*, 363 P.3d 1146 (Table) (Mont. 2015), the Court understands Poulson's ADA claim as follows:

Poulson contends Defendant Kalispell Regional Medical Center ("KRMC") and certain, but unidentified, employees of that facility violated Poulson's rights under the ADA by refusing Poulson admission to the facility. (Doc. 2 at 7-8.) Poulson makes essentially the same cursory allegations against Defendant Pathways, LLC and the executive director of that facility, Gene Haire. (Doc. 2 at 7-8.)

Based upon Poulson's allegations against his attorney Defendant Aemissegger – to the effect that Aemissegger failed to advise trial Judge Lympus of the purported ADA violations by KRMC and Pathways (doc. 2 at 8) – it is evident the alleged acts of these two of which Poulson complains occurred

11

sometime before or during the course of the criminal prosecution in 2012. Thus, Poulson's claims would be barred by the three year statute of limitations applicable to ADA claims in Montana. Mont. Code Ann. § 27-2-204; *Shriner v. Wild Jack's Casino*, 2011 WL 6020160, *2 (D. Mont. 2011) (citing *Donoghue v. City of Orange*, 848 F.2d 926, 930 (9th Cir. 1987)). As such, Poulson's complaint fails to state a claim on which relief may be granted within the meaning of 28 U.S.C. § 1915(e)(2)(B)(ii) as against Defendants KRMC, Pathways, LLC or Haire.

### C. **Poulson's Hand Cycle**

Poulson alleges Defendant Sheriff Curry "stole" his hand cycle. (Doc. 2 at 10.) As best as can be ascertained from Poulson's complaint, it appears the hand cycle may have been seized in conjunction with Poulson's arrest on the referenced drug charge – to which he plead guilty in 2012. It is conceivable, however, that the seizure occurred at some other point in time. Poulson asserts he asked Curry to take the cycle to Poulson's house, but instead Curry sold the cycle at auction. (Doc. 2. at 10.)

Construing Poulson's allegations liberally, he asserts Curry's conduct constitutes a taking of property without due process of law in violation of the Fourteenth Amendment remediable under § 1983, as well as conversion under Montana law. To the extent Poulson seeks relief under § 1983, his claim would be

subject to a three year statute of limitations. Mont. Code Ann. § 27-2-401; *Wilson*, 471 U.S. at 269. With respect to Poulson's claim of conversion, a two year statute of limitations applies. Mont. Code Ann. § 27-2-207(2); *Johnson Farms, Inc. v. Halland*, 291 P.3d 1096, 1102 (Mont. 2012).

Poulson's complaint does not expressly state the dates when the alleged seizure and auction occurred. Thus the Court cannot definitively state whether the period of limitations has run. Poulson will, however, be given the opportunity to amend his complaint with respect to the hand cycle claim and state the specific dates of the alleged seizure and auction.

## IV. Conclusion

For the reasons discussed, and in view of Poulson's pro se status, the Court will afford him an opportunity to file an amended complaint only as to his claims against Chuck Curry. Therefore, IT IS ORDERED that on or before **December 4, 2017,** Poulson shall file his amended complaint as permitted herein. Pursuant to Fed. R. Civ. P. 8(a), Poulson's amended complaint shall set forth a short and plain statement of his claims against Chuck Curry showing that he is entitled to relief.

IT IS FURTHER RECOMMENDED that all of Poulson's other claims against all other Defendants be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief can be granted, or because he

seeks relief against defendants who are immune from liability.

At all times during the pendency of this action, Poulson shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Poulson is advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 7th day of November, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge